**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| MARK SILVERSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBUS MEDICAL, INC., DAVID C. PAUL, RICHARD A. BARON, DAVID M. DEMSKI, and STEVEN M. PAYNE,<br><br>Defendants. | CIVIL ACTION NO. 15-cv-5386-WB |
|---|---|

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AUSTIN J. WILLIAMS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL FOR THE CLASS**

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), Austin J. Williams ("Movant") submits this Memorandum of Law in support of his Motion for appointment as Lead Plaintiff and for approval of his selection of Glancy Prongay & Murray LLP ("GPM") and the Rosen Law Firm, P.A. (the "Rosen Firm") as Co-Lead Counsel for the Class.

## I. PRELIMINARY STATEMENT

Movant seeks to represent the putative class ("Class") in the pending securities class action against Globus Medical, Inc. ("Globus" or the "Company") and others. Movant seeks appointment as Lead Plaintiff and approval of his selection of Co-Lead Counsel.

The putative class ("Class") consists of all persons who purchased Globus securities between February 26, 2014 and August 5, 2014, and who were damaged thereby. Defendants are the Company, David C. Paul, Richard A. Baron, David M. Demski, and Steven M. Payne ("Defendants"). As the complaint alleges, Defendants caused the securities of Globus to trade at artificially inflated prices by, among other things, materially misleading the Class concerning the Company's business, operations, and prospects.

Pursuant to the Exchange Act, this Court must appoint the "most adequate plaintiff" to serve as lead plaintiff in the prosecution of the claims of the Class. 15 U.S.C. §78u-4(a)(4); *see also In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002). To select which member of the Class should serve as lead plaintiff, the Exchange Act mandates that the Court appoint the member of the Class who has the largest financial interest in the litigation and has made a *prima facie* showing that it or they are adequate class representatives and their claims typical of the claims of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

Movant believes that he has the largest financial interest in the relief sought in this action, having sustained losses of $93,273. Movant also satisfies the requirements of Fed. R. Civ. P. 23(a) in that he will be an adequate representative of the Class and his claims are typical of the Class. Movant is willing and able to represent the interests of the Class to maximize the recovery for the benefit of the Class.

## II. STATEMENT OF FACTS

As is appropriate at the lead plaintiff stage of securities litigation, Movant summarizes the following facts from the complaint on file.

Globus is a medical device company that develops products to treat patients with musculoskeletal disorders. The Company is currently focused on products to treat patients with spine disorders. ¶2.[1]

During the Class Period, plaintiff alleges Defendants issued materially false and misleading statements to investors and/or failed to disclose that (1) Globus's relationship with a significant distributor was deteriorating; (2) such deterioration was negatively impacting Globus's financial performance; and (3) as a result of the foregoing, Defendants' statements about Globus's business, operations, and prospects were false and misleading and/or lacked a reasonable basis. When the true details entered the market, the lawsuit claims that investors suffered damages.

On August 5, 2014, Globus issued a press release announcing its financial results for the 2014 second quarter and substantially lowered its revenue guidance for the 2014 year. In announcing its results, the Company disclosed that certain operating challenges had resulted in

[1] All references to the *Silverstein* Complaint are designated "¶ ___."

sales growth below its historical trends. On this news the Company's shares fell $4.05 per share, or 17.9%, to close on August 6, 2014, at $18.51 per share, on unusually high volume.

On September 29, 2015, plaintiff Silverstein filed the securities class action on behalf of the Class. As the PSRLA requires, on September 30, 2015, counsel to plaintiff Silverstein issued a notice of pendency of his action, summarizing the allegations and informing members of the Class of the sixty-day deadline for filing motions to serve as lead plaintiffs. *See* Declaration of Jacob A. Goldberg in Support of the Movant's Motion ("Goldberg Decl."), Exhibit A.

## III. ARGUMENT

### A. The Exchange Act Procedure for Appointing Lead Plaintiff

In appointing the person or group of persons as lead plaintiff, the Exchange Act requires the court to appoint the "most adequate plaintiff" to serve as lead plaintiff. In making that decision, the court must presume that the "most adequate plaintiff" is the person or group of persons who (a) "has either filed a complaint or made a motion in response to a notice. . .;" (b) "in the determination of the court, has the largest financial interest in the relief sought by the class;" and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Other putative class members may rebut this presumption by showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, first, the Court should appoint the Movant as lead plaintiffs to the class. Second, the Court should approve the selection of GPM and the Rosen Firm as co-lead counsel to the Class.

**B. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Court Should Appoint Movant As Lead Plaintiff**

This Court should appoint the Movant as lead plaintiff because he satisfies each of the elements, establishing himself as the presumptive lead plaintiff.

**1. Movant Is Willing to Serve As Class Representative**

In response to the notice that counsel in the *Silverstein* action published on September 30, 2015, and after reviewing the complaint filed against Defendants, Movant has timely filed a motion for appointment as lead plaintiff. Pursuant to the requirements of the Exchange Act, Movant has included a Certification, attesting to his willingness to serve the Class as representative plaintiff. *See* Goldberg Decl., Exhibit B. In the Certification, Movant has attested that he (a) read the complaint; (b) did not purchase his interests in Globus at the direction of his counsel; (c) is willing to serve as a class representative, including providing testimony at deposition and trial; and (d) will not accept any payment for service as representative plaintiff beyond his pro rata share of any recovery, except as this Court orders. *See* 15 U.S.C. §78u-4(a)(2). As such, Movant has satisfied the first requirement to serve the Class as lead plaintiff by filing a timely motion, manifesting his willingness to serve. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa); *see also Cortese v. Radian Group, Inc.*, Civ. Action No. 07–3375, 2008 U.S. Dist. LEXIS 6958 *4 (E.D. Pa. Jan. 30, 2008).

**2. Movant Is the Most Adequate Lead Plaintiff**

**a. Movant Has the largest Financial Interest**

Movant is well-suited to serve as lead plaintiff and should be appointed because he believes that he has the largest financial interest in the relief sought by the Class. 15 U.S.C. §78u-4(a)(3)(B)(iii). In assessing which movant has the largest loss, courts in the Third Circuit look to (i) the number of shares the movant purchased during the class period; (ii) the total net

funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors). Looking at financial loss, Movant believes he has the largest financial interest in the outcome of this suit.

During the Class Period, Movant purchased 25,842 shares for total consideration of $596,950. Movant did not sell his shares, and the 90-day average lookback price for his purchases is $503,676, thus his loss is $93,273. *See* Goldberg Decl., Exhibit C.

Accordingly, Movant believes that he has the largest financial interest of any movant seeking appointment as lead plaintiff and is well-suited to serve in that role.

**b. Movant Satisfies the Foundational Requirements of Fed. R. Civ. P. 23**

Moreover, Movant satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23, the class action elements relevant to the Exchange Act's lead plaintiff determination. *See Cendant*, 264 F.3d at 263. Movant's claims are typical of those of the Class and he will adequately represent the Class in this action.

In determining whether Movant meets Rule 23's typicality requirement, this Court "must decide whether the circumstances of the movant 'are markedly different or the legal theory upon which the claims of that movant are based differ from that upon which the claims of other class members will perforce be based.'" *Vicuron*, 255 F.R.D. at 511 (quoting *Cendant*, 264 F.3d at 265). Movant satisfies the typicality requirement "if [he], as a result of the same course of conduct, suffered the same injuries as the absent class members, and their claims are based on the same legal issues." *In re Sterling Financial Corp. Sec. Litig*., MDL No. 07-1879, Civ. Action No. 07-2171, 2007 U.S. Dist. LEXIS 93708 at *13-14 (E.D. Pa Dec. 21, 2007) (citing *Janovici*, 2003 U.S. Dist. LEXIS 22315 at *23).

Here, Movant's claims arise from the same course of alleged misconduct by Defendants. Their claims are typical of the members of the Class and, to their knowledge, no Defendant has any unique defense against Movant. Movant, therefore, satisfies the typicality requirement.

Movant also satisfies the adequacy requirement of Rule 23(a). To satisfy that element, this Court "must determine whether [the Movant] has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between movant's claims and those asserted on behalf of the class." *Vicuron*, 225 F.R.D. at 511 (internal citations and quotations omitted). So long as Movant and his counsel are capable of representing the Class vigorously and have no interests conflicting with the interests of the Class, Movant satisfies the adequacy requirement. *In re Sterling Financial Corp.*, 2007 U.S. Dist. LEXIS 93708 at *14 (citing *Suprema Specialities*, 206 F. Supp.2d 627, 633 (D.N.J 2001)).

Here, Movant's interests align with those of the members of the Class. As noted above, Movant's claims are substantially similar, factually and legally, to those of the Class, indicating a lack of conflict between Movant and the Class. Moreover, Movant has selected counsel who are highly experienced in prosecuting class actions alleging violations of the anti-fraud provisions of the Exchange Act. See Goldberg Decl., Exhibits E and F (firm résumés of Glancy Prongay & Murray LLP and of the Rosen Law Firm, P.A.). For those reasons, Movant satisfies the adequacy and typicality requirements of Rule 23. Having met all of the prerequisites of the Exchange Act for appointment as lead plaintiff, therefore, this Court should appoint Movant as lead plaintiff for the Class.

**C. The Court Should Approve Movant's Choice of Lead Counsel**

The Exchange Act makes clear that the lead plaintiff may select and retain counsel for the class, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Having selected Movant as lead plaintiff, a strong presumption exists in favor of allowing the lead plaintiff to select counsel to represent the Class. *See Cendant*, 264 F.3d at 276. In assessing counsel's qualifications, factors such as the process of selecting counsel are relevant. Most important, however, are the experience of counsel and that it has adequate resources to prosecute the action on behalf of the class. *See In re Sterling Financial Corp.*, 2007 U.S. Dist. LEXIS 93708 at *16-17 (courts finding that counsel are adequately experienced in complex litigation, and securities litigation in particular should not disturb lead plaintiff's choice of counsel).

GPM and the Rosen Firm are more than qualified to serve as co-lead counsel. Both firms are experienced in the area of securities litigation and class actions and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* GPM and the Rosen Firm résumés, attached to Goldberg Decl. as Exhibits D and E.

Both GPM and the Rosen Firm are well-qualified to represent the interests of the Class. Accordingly, this Court should appoint of Glancy Prongay & Murray LLP and the Rosen Law Firm, P.A. as co-lead counsel.

## IV. CONCLUSION

For the foregoing reasons, this Court should appoint Movant as lead plaintiff for the Class and approve the selection of Glancy Prongay & Murray LLP and the Rosen Law Firm, P.A. as co-lead counsel.

Dated: November 30, 2015

Respectfully Submitted,

THE ROSEN LAW FIRM, P.A.

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg
Pa Bar Id. 66399
Gonen Haklay
Pa Bar Id. 764446
101 Greenwood Avenue, Suite 203
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (215) 202-3827
Email: jgoldberg@rosenlegal.com

Laurence Rosen, Esq.
Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
350 Fifth Avenue, Suite 5508
New York, NY 10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: lrosen@rosenlegal.com
pkim@rosenlegal.com

Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

***Proposed Co-Lead Counsel***